```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

|                                        |   |                   |
|----------------------------------------|---|-------------------|
| COMPETITIVE TECHNOLOGIES, INC.,        | : |                   |
|             Plaintiff,                 | : | CIVIL NO.         |
|         v.                             | : |                   |
|                                        | : | 3:08-CV-1339(EBB) |
| J. SCOTT BECHTEL,                      | : |                   |
|             Defendant                  | : |                   |

### RULING ON DEFENDANT'S MOTION TO DISMISS

The Plaintiff, Competitive Technologies, Inc. ("Plaintiff" or "CTT")[1], brings this action against J. Scott Bechtel ("Defendant" or "Bechtel"), seeking a declaratory judgment that Plaintiff did not violate the whistleblower provision of the Corporate and Criminal Fraud Accountability Act of 2002, 18 U.S.C. § 1514A, in not selecting Defendant's employer, TAEUS International, Inc., to provide consultancy services in April 2007. Plaintiff also seeks reimbursement of wages and benefits paid to Defendant in compliance with a court order that was subsequently vacated on appeal. Currently pending before the court is Defendant's motion to dismiss [Doc. No. 11] on both of Plaintiff's counts. For the following reasons, Defendant's motion to dismiss is GRANTED without prejudice as to both counts.

---

[1] Although previous judicial and administrative opinions have used the abbreviation "CTI," Competitive Technologies is traded publicly as "CTT" and uses this abbreviation in its own filings.

**BACKGROUND**

The court sets forth only those facts deemed necessary to an understanding of the issues raised in, and the decision rendered on, this motion to dismiss. All facts stated below are undisputed (or have been deemed undisputed) and are taken from Plaintiff's complaint unless otherwise noted.

Plaintiff CTT is a publicly-traded Delaware company that provides technology licensing and patent transfer services and has its primary place of business in Fairfield, CT. Defendant Bechtel was an employee of CTT from February 2001 through June 30, 2003, and from July 2005 through October 2005. This current lawsuit is part of a series of legal disputes arising from CTT's decision to terminate Bechtel's position in June of 2003. Bechtel has filed three grievances with the Secretary of Labor through the Occupational Health and Safety Administration ("OSHA"), claiming that CTT violated provisions of the Corporate and Criminal Fraud Accountability Act of 2002, more commonly known as the Sarbanes-Oxley Act ("Sarbanes-Oxley" or "SOX"), by taking actions against him in retaliation for protected behavior.

**Bechtel I**

On September 22, 2003, Bechtel, along with Wil Jacques, another employee terminated by CTT, filed a complaint in OSHA's

Region I office in Boston, MA ("Bechtel I").[2]  Bechtel and Jacques alleged that CTT terminated their employment in retaliation for actions protected under Sarbanes-Oxley, namely that Bechtel and Jacques had raised concerns about CTT's financial reporting with several members of the company's management at quarterly disclosure committee meetings.  See Bechtel v. Competitive Technologies, Inc., 369 F. Supp. 2d 233, 234 (D. Conn. 2005).  On February 2, 2005, the regional administrator for OSHA issued a preliminary merit finding that CTT had violated § 806 of Sarbanes-Oxley, 18 U.S.C. § 1514A,[3] and ordered CTT to "reinstate [Bechtel and Jacques] to the same positions and provide them with salaries and all other benefits commensurate with the position of vice president."  Id. at 235.

CTT objected to OSHA's findings and, pursuant to 29 C.F.R. § 1980.107, requested a hearing before an administrative law judge ("ALJ").[4]  The ALJ denied CTT's motion to stay the reinstatement

---

[2] U.S. Dept. of Labor ALJ Case No. 2005-SOX-0033.

[3] Section 1514A reads in pertinent part: "No company with a class of securities registered under section 12 of the Securities Exchange Act of 1934 (15 U.S.C. 78l) ... or any officer, employee, contractor, subcontractor, or agent of such company, may discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment because of any lawful act done by the employee ... to provide information ... regarding any conduct which the employee reasonably believes constitutes a violation of ... any rule or regulation of the Securities and Exchange Commission .... " 18 U.S.C. § 1514A(a).

[4]  With a request for a hearing before an ALJ, "all provisions of the preliminary order will be stayed, except for the portion requiring preliminary reinstatement, which shall not

order, but CTT did not reinstate Bechtel or Jacques or pay them back pay and benefits.  369 F.Supp 2d at 235.  On April 18, 2005, Bechtel and Jacques filed suit in the U.S. District Court for the District of Connecticut, seeking enforcement of the preliminary order of reinstatement with an application for injunctive relief.  Id.  On May 13, 2005, the district court judge entered a ruling enforcing the regional administrator's order for preliminary reinstatement and back pay and benefits to the date of the preliminary order.  Id. at 237.  CTT reinstated Bechtel on July 25, 2005 and paid him the ordered back wages and benefits.  Then, on October 5, 2005, the ALJ overturned the OSHA regional administrator's merit findings that had been the basis for the preliminary order and dismissed Bechtel's complaint.[5]  According to Plaintiff, Bechtel left work that day without notice and did not return.  Compl. ¶ 15.  On May 1, 2006, the U.S. Court of Appeals

---

be automatically stayed. The portion of the preliminary order requiring reinstatement will be effective immediately upon the named person's receipt of the findings and preliminary order, regardless of any objections to the order. The named person may file a motion with the Office of Administrative Law Judges for a stay of the Assistant Secretary's preliminary order of reinstatement."  29 C.F.R. § 1980.106(b)(1).

[5]  The administrative law judge found that, although Bechtel had engaged in protected activity and that his termination led to an inference of retaliation, CTT had established by "clear and convincing evidence" that it had legitimate business reasons for firing him.  Compl. Ex. B, Recommended Decision and Order Dismissing Complaint, 39.  In 2003, CTT employed about a dozen people.  Bechtel was one of three employees taken off the payroll in June due to the company's financial difficulties.  Id. at 38.

for the Second Circuit issued a decision vacating the district court's ruling on the grounds that the court had lacked jurisdiction to enforce the OSHA administrator's order.[6]  See Bechtel v. Competitive Technologies, Inc., 448 F.3d 469, 473 (2d Cir. 2006).

Bechtel filed an appeal of the ALJ decision with the Administrative Review Board ("ARB").  The ARB concluded in part that the ALJ had erred as a matter of law in prematurely shifting the burden of proof to the respondent, CTT, and remanded the matter to the ALJ on May 26, 2006. Compl. ¶ 18. The ALJ requested new filings from both parties and on January 20, 2009, issued a new Decision and Order on Remand.  Applying the legal standard as directed by the ARB, the ALJ reached the same conclusions and again dismissed Bechtel I.  See Bechtel v. Competitive Technologies, Inc., ALJ No. 2005-SOX-00033, ARB No. 06-010, D & O on Remand, 34-35 (ALJ Jan. 20, 2009).  The court understands that Bechtel has challenged this second dismissal and that the appeal is currently before the ARB.  See Ex. 1 to Pl.'s Affidavit and Suppl. Decl. [Doc. No. 27], "Secretary's Findings," Letter from Marthe B. Kent, OSHA Regional Administrator to Thad Guyer, June 1, 2009 ("Bechtel III Findings"), p. 2.

---

[6] CTT had settled its dispute with Wil Jacques prior to the decision by the Second Circuit, and he was therefore not a party to the appeal. Bechtel, 448 F.3d at 470, n. 1.

**Bechtel II and Filing of the Current Action**

Meanwhile, on August 2, 2007, Bechtel filed a second complaint against CTT and one of its employees, Paul Levitsky, ("Bechtel II")[7] alleging that they had blacklisted him by not awarding a contract to his new employer in retaliation for his earlier filing of Bechtel I.  OSHA investigated and dismissed this case on March 11, 2008, finding that CTT had a legitimate reason to award the work to another business. Compl. ¶ 19; see also Compl. Ex. C, "Secretary's Findings," Letter from Marthe B. Kent, OSHA Regional Administrator to Jason Zuckerman, March 11, 2008, p. 2.  On April 10, 2008, Bechtel appealed OSHA's Findings.  More than six months later, on August 28, 2008, Bechtel filed a notice of intent with the ALJ to re-file Bechtel II as a suit in U.S. District Court.[8] See Compl. Ex. D.  In response, on September 13, 2008, CTT filed the current action against Bechtel in the U.S. District Court for the District of Connecticut, requesting, in the First Count, a declaration that CTT had not committed the alleged blacklisting violation against Bechtel.  See Compl. ¶ 24.  Bechtel then filed a

---

[7] U.S. Dept. of Labor ALJ Case No. 2005-SOX-0035.

[8] If OSHA has not reached a "final decision" within 180 days of the filing of a complaint, "complainant may bring an action at law or equity for de novo review in the appropriate district court of the United States, which will have jurisdiction over such an action without regard to the amount in controversy."  29 C.F.R. § 1980.114(a).

Motion to Dismiss [Bechtel 2] With Prejudice with the ALJ, which it did on October 29, 2008.  See Def.'s Ex. 1, Decl. of J. Scott Bechtel ("Def.'s Decl.") and Order Dismissing Appeal to OALJ With Prejudice, ALJ No. 2008-SOX-0035 (ALJ Oct. 29, 2008).  CTT then decided not to oppose Bechtel's Motion to Dismiss as to CTT's claim for a declaratory judgment relating to Bechtel II.  See Pl.'s Memo. in Partial Opp'n to Mot. to Dismiss [Doc. No. 15], 2-3.

**Bechtel III**

The parties' agreement over the dismissal of CTT's First Count would not last.  On December 3, 2008, Bechtel had filed a third SOX complaint against CTT ("Bechtel III")[9], claiming that CTT had "coerced" him into dismissing Bechtel II by filing this lawsuit.[10] See Complaint of Discrimination under Section 806 of Sarbanes Oxley Act ("Bechtel III Compl.") ¶ 13, attached as Ex A to Pl.'s Suppl. Memo. in Partial Opp'n to Def.'s Mot. to Dismiss [Doc. No. 18]. According to the complaint, Bechtel was "shocked and intimidated"

---

[9] U.S. Dept. of Labor No. 1-0080-09-013.

[10] Bechtel filed this third complaint with OSHA's Region V Office in Chicago, rather than with the Region I office in Boston, where the first two SOX complaints had been filed.  The Regional Administrator in Chicago then forwarded the complaint to Boston, stating, "[a]fter reviewing the complaint and his previous SOX filings, we believe that Region I is the correct jurisdiction for the complaint."  Letter from OSHA Region V Administrator to OSHA Region I Administrator, Dec. 17, 2008, attached as Ex. A to Pl.'s Suppl. Resp. to Def.'s Mot. to Dismiss [Doc. No. 18].

by CTT's decision to file suit against him in federal court, and because of the "potential catastrophic consequences of this federal court action," Bechtel "became fearful, intimidated and emotionally distraught."  See id. Bechtel hoped to avert "further litigation against him" by dismissing the blacklisting claim, Bechtel II, with prejudice.  Id.  In response, CTT filed a Supplemental Response to Defendant's Motion to Dismiss ("Pl.'s Suppl. Memo") on January 9, 2009, renewing its request for declaratory judgment as to the blacklisting claim.  Doc. No. 18.  On June 1, 2009, the OSHA Region I Administrator dismissed Bechtel III.  See Bechtel III Findings, 3.

**STANDARD**

<u>Federal Rule of Civil Procedure 12 (b)(6)</u>

Pursuant to a Rule 12(b)(6) analysis, the court takes all well-pleaded allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the Plaintiff. <u>Leeds v. Meltz</u>, 85 F.3d 51, 53 (2d Cir. 1996).  To survive a motion to dismiss, "the plaintiff must provide the grounds upon which [his] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" <u>ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.</u>, 493 F.3d 87, 98 (2d Cir. 2007) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  While a motion to dismiss "does not need detailed factual allegations," a

plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp., 550 U.S. at 555.

"When determining the sufficiency of plaintiff['s] claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in [the] complaint . . . , matters of which judicial notice may be taken . . . , or documents in the plaintiff['s] possession or of which plaintiff had knowledge and relied in bringing suit." Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993).

## DISCUSSION

### A. First Count: Declaratory Judgment

Plaintiff seeks a declaration under Fed. R. Civ. Proc. 57 that CTT has not "committed any SOX blacklisting violation as Defendant has alleged, by failing to select Defendant's employer, TAEUS International Corporation, to perform ... consultancy work ..." as described by Defendant in Bechtel II. Compl. ¶ 24. The exercise of jurisdiction over this issue is proper under the Declaratory Judgment Act, 28 U.SC. § 2201(a), and declaratory judgment is a discretionary remedy. See 28 U.S.C. § 2201(a); Wilton v. Seven Falls Co., 515 U.S. 277, 282-283, 286-287 (1995); Christopher P. v. Marcus, 915 F.2d 794, 802 (2d Cir. 1990) ("The decision to grant declaratory relief rests in the sound discretion of the district

court ...."). "A litigant may not use the declaratory judgment statute to secure judicial relief of moot questions." Christopher, 915 F.2d at 802. Despite this general rule, declaratory relief is appropriate where the offensive conduct is "capable of repetition, yet evading review". See Murphy v. Hunt, 455 U.S. 478, 482 (1982). This requires at least the possibility that the "same complaining party would be subjected to the same action again." See Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (per curiam).

Both Plaintiff and Defendant have at one point acknowledged that the Department of Labor's Oct. 29, 2008 order dismissing Bechtel II with prejudice bars Bechtel from further administrative or judicial actions based on the blacklisting claim. See Def.'s Decl. ¶ 4; Pl.'s Memo. in Partial Opp'n to Def.'s Mot. to Dismiss, 2-3. Defendant stated for the record:

> It was my intent and understanding that by filing said motion to dismiss with prejudice, the DOL order of dismissal ... would forever bar me from pursing [sic] my Bechtel II case or filing any further administrative or judicial actions based on my Bechtel II case against the plaintiffs under Section 806.

Def.'s Decl. ¶ 4.[11]  One might have reasonably expected that to be the end of things. But in the Bechtel III Complaint, Bechtel's

---

[11] Defendant responded, "[a]s a result the [sic] Defendant's voluntary dismissal of his claims in Bechtel II with prejudice and his stipulation that he is forever barred from pursuing any further administrative or judicial actions based on the claims he asserted in Bechtel II, the Plaintiffs agree that the First Count of the Complaint in this action is now moot and may be dismissed without prejudice." Pl.'s Memo. in Partial Opp'n to Def.'s Mot. to Dismiss, 2-3.

10

attorney effectively revives the remedy, if not the substance, of Bechtel II by requesting, *inter alia*, "[e]conomic damages for the lost value of his blacklisting claim" based on "the retaliation against Complainant." See Bechtel III Compl., 6. The filing of Bechtel III prompted Plaintiff to reconsider its acquiescence to the dismissal of the First Count. See Pl.'s Suppl. Memo., 2-3. Bechtel in turn responded that he is "not willing to confess judgment on the declaratory judgment against [him]" and that he authorized the same non-profit organization representing him in Bechtel III, the Government Accountability Project, to seek dismissal of the First Count of CTT's complaint. Def.'s Decl. ¶ 5.

Despite the requested relief in Bechtel III, the Bechtel II claim is not one "capable of repetition, yet evading review." Cf. Weinstein, 423 U.S. 147 (where the duration of orders from a parole board was too brief to allow proper judicial review of any one particular order). Defendant is not seeking to revive the Bechtel II blacklisting claim before this court. As for Bechtel III, the OSHA Regional Administrator has already found against Bechtel, calling the suit "objectively baseless." Bechtel III Findings, 3. That matter is ongoing, and this court will not seek reasons to claim jurisdiction over the issue. Accord Bechtel v. Competitive Technologies, Inc., 448 F.3d 469, 474 (2d Cir. 2006)(the need for a judicial order is reduced where an administrative remedy is available). Thus, there is no reason to make the affirmative

11

declaration requested by CTT at this time.  Should Bechtel attempt to bring a blacklisting claim based on the events leading to Bechtel II in the future, it will be for another court to dismiss Bechtel's claim or to grant CTT affirmative relief.

Defendant's Motion to Dismiss the First Count of the Complaint is therefore GRANTED without prejudice.

**B. Second Count: Unjust Enrichment**

Citing Connecticut law on unjust enrichment, Plaintiff asks this court to order Bechtel to reimburse CTT for the salary and benefits paid to him under the district court's order of May 13, 2005, which was overturned by the Second Circuit.  Compl. ¶ 27, 28.  The decision by a federal court to enforce the Regional Administrator's order for reinstatement and the subsequent vacation of *both* decisions has created a unique legal issue.  The OSHA Regional Administrator put it succinctly:

> The question of whether a company that has successfully defended against a SOX retaliatory discharge claim or a related preliminary reinstatement order may recoup wages paid in compliance with that order is a matter of first impression under SOX.

Bechtel III Findings, 3.  It is a question that may have to be answered if the ARB upholds the ARJ's most recent decision against Bechtel, but to do so now would be premature.

In the ruling granting Bechtel's application for preliminary injunction, the district court judge analyzed the language of the

12

relevant statutory provisions of Sarbanes-Oxley and determined that the court had jurisdiction to enforce OSHA's preliminary order of reinstatement under 49 U.S.C. 42121(b)(2). See Bechtel, 369 F.Supp. 2d at 236 ("Although ... the agency has not issued a final order, the statute explicitly authorizes jurisdiction in this court to enforce a preliminary order as if it were a final order.") The judge then ruled that, because under Sarbanes-Oxley the Secretary of Labor is vested with the authority to grant orders of reinstatement, Bechtel was "entitled to an injunction enforcing the Secretary's preliminary order regardless of whether the elements for preliminary injunctive relief have also been established." Id. at 237.

The Court of Appeals concluded that the District Court's exercise of jurisdiction was in error. On its own reading of the statute, the Second Circuit determined that none of the "three provisions of § 1514A that provide for federal power to enforce actions related to complaints under" Sarbanes-Oxley authorizes enforcement of preliminary orders. Bechtel, 448 F.3d at 471. The three-judge panel vacated the order below, holding that "the district court lacked power to enforce the preliminary order reinstating Bechtel." Id. at 473.

The Second Circuit cited the need to avoid unnecessary complication as one of the considerations buttressing Congress' decision to make preliminary orders under Section 1514A

13

unenforceable:

> Given these successive levels of review, the absence of federal judicial power to enforce preliminary orders reasonably could serve to ensure that appeals work their way through the administrative system before the federal courts become involved. Moreover, if the result changes from one level of review to the next, immediate enforcement at each level could cause a rapid sequence of reinstatement and discharge, and a generally ridiculous state of affairs.

Id. at 474. Here, the risk of further entangling an already complex legal matter is high. Bechtel I remains a live issue. The Department of Labor's appellate process is not yet complete; however unlikely, the ARB could still overturn the decision by the ALJ finding for CTT.[12] Were this court to order Bechtel to repay CTT and then the review process before the Department of Labor were to ultimately terminate in Bechtel's favor, yet another legal process would inevitably follow. This court therefore abstains from ruling on the question of unjust enrichment.[13]

---

[12] The ARB reviews an ALJ's conclusions of law de novo and findings of fact under a "substantial evidence" standard. 29 C.F.R. § 1980.110(b). See also Bechtel v. Competitive Tech., Inc., ALJ Case No. 2005-SOX-033, ARB Case No. 06-010, 3 (ARB March 26, 2008)(" Our review is limited to an articulation of the correct burdens of proof in a SOX case, and to discussion of the manner in which the ALJ failed to apply those burdens in the R.D. & O.").

[13] Plaintiff urges this court not to dismiss its unjust enrichment claim. "If the Court decides that a final disposition of Bechtel I is a necessary prerequisite to assertion of CTT's claim for unjust enrichment ..., CTT respectfully submits that this case should be stayed rather than dismissed, or that any dismissal which may be granted should be granted with leave to reopen the case and clearly indicated that the dismissal is without prejudice." Pl.'s Memo. in Partial Opp'n to Def.'s Mot.

Plaintiff also argues that "CTT's due process rights were ... violated by the issuance of the preliminary reinstatement order." Pl.'s Memo. in Partial Opp'n to Def.'s Mot. to Dismiss, 5; see also Compl. ¶ 5(b) (asserting that this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331).  The Second Circuit's decision to vacate the district court's order rests on the lower court's lack of jurisdiction and intentionally avoids ruling on the due process question.  448 F.3d at 475.  "A fundamental and long-standing principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them."  Id. (quoting Lyng v. N.W. Indian Cemetery Protective Ass'n, 485 U.S. 439, 445 (1988)).  Because the Second Circuit declined to rule on the constitutional question, and

---

to Dismiss, n. 4.  The court believes that a stay is inappropriate in this case on three grounds.  First, as a practical matter, it is unclear when the ARB will release its final decision.  Second, any decision by the ARB could change the nature and basis of a suit for unjust enrichment between CTT and Bechtel.  And third, because this is a "matter of first impression under SOX," the court recognizes that the Department of Labor should have every opportunity to complete its appellate process and enunciate a policy regarding overturned orders of reinstatement without the interference of a pending, related lawsuit. See generally, Chevron USA, Inc. v. NRDC, Inc., 467 U.S. 837, 844 (1984)("[C]onsiderable weight should be given to an executive department's construction of a statutory scheme it is entrusted to administer ..."). But see SEC v. Sloan, 436 U.S. 103, 117-19 (1978)(the courts have final authority over questions of statutory construction in administrative law). At this point, therefore, a dismissal without prejudice is more appropriate than a stay.

because it is unnecessary to do so for the purposes this motion, this court will not engage the due process challenge now.

Defendant's Motion to Dismiss the Second Count of the Complaint is therefore GRANTED without prejudice.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss [Doc. No. 11] is GRANTED without prejudice as to both counts.


SO ORDERED


_____/s/_____

ELLEN BREE BURNS
SENIOR U.S. DISTRICT JUDGE

Dated at New Haven, Connecticut this 1st day of July, 2009.